## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** | |
| **Plaintiff,** | **Case No. l:17-cv-00937-RP** |
| **v.** | |
| **ContextLogic, Inc. d/b/a Wish.com,** | **Judge Robert Pitman** |
| **Defendant.** | |

## DEFENDANT CONTEXTLOGIC, INC.'S
## UNOPPOSED MOTION TO STAY THIS ACTION

Pursuant to 28 U.S.C. § 1659(a) and this Court's inherent power to control its docket, Defendant ContextLogic, Inc. ("ContextLogic") respectfully moves this Court to stay the above-captioned matter in its entirety until the final determination of the United States International Trade Commission ("ITC") investigation in *In re Certain Insulated Beverage* Containers, Components, Labels, And Packaging Materials Thereof, Inv. No. 337-TA-1084.[1] This motion is unopposed. Lueck Decl. at ¶ 2.

---

[1]   In filing the instant motion, ContextLogic is not voluntarily submitting to the Court's jurisdiction, nor is it waiving any objections or defenses it may have with respect to personal jurisdiction. *See, e.g, PaineWebber Inc.* v. *Chase Manhattan Private Bank (Switzerland),* 260 F.3d 453, 461 (5th Cir. 2001) ("[Plaintiff] does not cite, and we have not found, a single case holding that a motion for a stay pending appeal waives an objection to personal jurisdiction. Neither have we found even one case that supports [plaintiffs] contention that a defendant submits to the jurisdiction of a court by seeking to enjoin further legal proceedings"); *Hyundai Merck. Marine Co.* v. *Conglobal Indus., LLC*, No. 3:15-CV-3576-G, 2016 WL 1613949, at *4 (N.D. Tex. Apr. 21, 2016) ("About the only time where it can be said that a defendant actively waives any objections to jurisdiction is when defendant files a responsive pleading without first filing or simultaneously filing an objection to jurisdiction. Fed. R. Civ. P. 12(h)(1)."); *Gerber* v. *Riordan*, 649 F.3d 514, 519 (6th Cir. 2011) ("Defendants did not accede to the district court's jurisdiction in moving to stay the litigation").

## I.     BACKGROUND

### A.     Procedural Background

On September 28, 2017, Plaintiff YETI Coolers, LLC ("Plaintiff" or "YETI") filed a complaint in the ITC under section 337 of the Tariff Act of 1930. YETI filed an amended complaint in the ITC on October 27, 2017, alleging that ContextLogic, among others, infringed two trademarks, four design patents, and three copyrights.[2] *See* Ex. 1 at l.[3] The amended complaint also alleges false advertising and passing off. *See id.* The ITC instituted the investigation on November 17, 2017. *See id.* at 1-5.

On September 28, 2017, the same day YETI filed its complaint in the ITC, YETI filed the instant action, alleging that ContextLogic infringed the same two trademarks, four design patents, and three copyrights that YETI asserted in the ITC investigation (collectively, the "Overlapping ITC Claims"), along with additional claims for alleged infringement of five additional trademarks and 17 additional design patents, trademark dilution, trade dress dilution, trade dress infringement, false designation of origin, common law trademark infringement, common law trademark dilution, unfair competition, misappropriation, and unjust enrichment (collectively, the "Non-Overlapping Claims"). Dkt. 1.

### B.     Overlapping Accused Products, Asserted Intellectual Property, And Defenses

There is significant overlap between the accused products and the intellectual property rights that YETI asserts in the ITC proceeding and the instant case. YETI's allegations in both

---

[2]   Namely, U.S. Trademark Registration No. 5,233,441 ("the '441 trademark"); U.S. Trademark No. 4,883,074 ("the '074 trademark"); U.S. Copyright Registration No. VA 1-974-722 ("the '722 copyright"); U.S. Copyright Registration No. VA 1974- 732 ("the '732 copyright"); U.S. Copyright Registration No. VA 1-974-735 ("the '735 copyright"); U.S. Design Patent No. D752,397 ("the '397 design patent"); U.S. Design Patent No. D780,533 ("the '533 design patent"); U.S. Design Patent No. D781,146 ("the '146 design patent"); and U.S. Design Patent No. D784,775 ("the '775 design patent'). *See* Ex. 1 at 1.
[3]   "Ex. __ " refers to exhibits attached to the declaration of Dwight D. Lueck filed herewith in support of the instant motion.

cases are directed at alleged infringement with respect to its line of insulated drinkware products. *See generally* Dkt. 1; Ex. 2. For example, the trademarks, copyrights, and design patents asserted in both the ITC proceeding and the instant case in the Overlapping ITC Claims are directed at YETI's Rambler® tumblers, Colster® Drink Holder, and insulated drinkware bottles with lids. *See* Ex. 2 at 78-88. The Non-Overlapping Claims are directed at alleged infringement of YETI's intellectual property relating to Rambler® jugs, cups, beverage ware, and mugs; insulated beverage holders; and insulated bottles with lids. *See* Dkt. 1 at 3-19. The accused products in both cases are also similar: YETI's allegations are all directed at the alleged sale of counterfeit drinkware products, including "Rambler" and "Colster" products. Ex. 2 at 44-49, 71-78; Dkt. 1 at 19-46.

Moreover, all of the products YETI accuses in both cases are listed and sold by third parties, which ContextLogic asserts are not owned or controlled by ContextLogic. *See* Ex. 2 at 44-47, 71-78; Dkt. 1 at 19-46.

## II.    ARGUMENT

### A.    The Court Must Stay The Overlapping ITC Claims

The Court must stay the Overlapping ITC Claims pursuant to 28 U.S.C. § 1659(a), which requires the district court to stay "proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission" until "the determination of the Commission becomes final," if the defendant requests a stay within "(1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later." 28 U.S.C. § 1659(a); *see also InterDigital Commc'ns, LLC* v. *Int'l Trade Comm'n,* 707 F.3d 1295, 1310 n.3 (Fed Cir. 2013) ("A statutory amendment in 1994 renders it *obligatory* for a district court to stay a co-pending

infringement action until the ITC proceeding is completed.") (emphasis added).

Here, ContextLogic is named in the instant action and is also a respondent in the proceeding before the ITC, and YETI is the complainant in the ITC case and the plaintiff in the instant case. *See* Dkt. 1; Ex. 1. Both cases involve the same two trademarks, four design patents, and three copyrights. *See* Dkt. l; Ex. 1.

Moreover, ContextLogic has made a timely request to stay the instant action within 30 days after the ITC instituted its investigation of the ITC case on November 17, 2017. Ex. 1 at 1-5. *See, e.g., Pathway Innovations & Techs., Inc.* v. *Adesso, Inc.,* 2015 WL 12434324, at *1 (S.D. Cal. Oct. 23, 2015) (finding motion to stay pursuant to 28 U.S.C. § 1659(a) was timely where defendant filed the motion within 30 days of the ITC instituting the investigation).

Thus, the Court must stay the Overlapping ITC Claims as alleged in paragraphs 23(iv), 23(v), 24, 25(i), 25(viii), 26, 27(v), 27(viii), 28, 29(i)-(iii), 30-40, 52-78, and 125-132 of the complaint. Dkt. 1.

### B. The Court Should Exercise Its Discretion To Stay The Non-Overlapping Claims

The Court should exercise its discretion to stay the Non-Overlapping Claims as well. District courts can grant discretionary stays pending ITC investigations over non-overlapping claims pursuant to their inherent authority. *See, e.g., Saxon Innovations, LLC* v. *Palm, Inc.,* No. 6:09-CV-272, 2009 WL 3755041, at *2 (E D. Tex. Nov. 4, 2009); *cf. Landis* v. *North American Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").[4]

---

[4] *See also Zenith Elecs. LLC* v. *Sony Corp.,* No. C 11-02439 WHA, 2011 WL 2982377, at *2 (N.D. Cal. July 22, 2011) ("Congress explicitly intended that district courts should consider using their discretionary power" to stay litigation "that is related to, but not duplicative of, an action before the ITC. *See* H.R. REP.

Significantly, in this case Plaintiff does not oppose a stay.  (Lueck Decl. ¶ 2)  A stay is also appropriate under the facts considered when deciding whether to exercise discretion to order a stay.  The Court should consider and balance three nonexclusive factors: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed as well as the (3) judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Sparling* v. *Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489985, at *2 (W.D. Tex. Mar. 3, 2014). Here, all three factors weigh in favor of granting a discretionary stay of the Non-Overlapping Claims.  Most importantly, YETI does not staying the non-overlapping claims.

1.     YETI Will Not Be Prejudiced By A Stay Of The Non-Overlapping Claims

YETI will not be prejudiced by a stay of the Non-Overlapping Claims. YETI does not oppose the instant motion to stay the entire case and has not asserted that it would suffer any harm from a stay of the entire case. Lueck Decl. at ¶ 2. Thus this factor weighs in favor of a stay. *See, e.g, Collins* v. *Dkl Ventures, LLC*, No. 16-CV-00070-MSK-KMT, 2016 WL 852880, at *2 (D. Colo. Mar. 4, 2016) ("[B]ecause the requested stay of proceedings is unopposed, there is no prejudice that will result from the stay.").

2.     ContextLogic Will Suffer Hardship If The Non-Overlapping Claims Are Not Stayed

ContextLogic will suffer hardship if the Non-Overlapping Claims are not stayed. Courts find that "[f]orcing the parties to litigate the non-overlapping claims that would create additional discovery beyond the mere effort of defending a lawsuit weighs" in favor of granting a stay. *Arris*

---

NO. 103-826(1), at 141 (stating that, after granting mandatory stay under Section 1659(a), '[t]he district court may use its discretionary authority to stay any other claims in the action before it')."); *Aliphcom* v. *Fitbit, Inc.,* 154 F. Supp. 3d 933, 937 (N.D. Cal. 2015) ("[E]ven where ... the district court and ITC actions do not involve precisely the same . . . issues, Congress explicitly intended that district courts should consider using their discretionary power to stay . . . litigation that is related to, but not duplicative of, an action before the ITC.") (internal quotations and citations omitted).

*Enterprises LLC* v. *Sony Corp.,* No. 17-CV-02669-BLF, 2017 WL 3283937, at *3 (N.D. Cal. Aug. 1, 2017) (finding hardship because there would be significant overlap in discovery, including having to "conduct multiple depositions of the same witnesses because of their ability to speak only to the non-overlapping patent while the overlapping patents are stayed" because of "the similar technology and products asserted in both the ITC proceeding and the instant action").

Here, the intellectual property rights and products asserted in both the ITC proceeding and the instant action are very similar, and without a stay, the parties would likely have to conduct duplicative and overlapping motion practice and discovery. All of YETI's allegations in both the ITC proceeding and the instant action are directed at alleged infringement with respect to its line of insulated drinkware products, and the alleged sale by third parties of counterfeit drinkware products they have listed on websites operated by ContextLogic. *See generally* Dkt. 1; Ex. 2. For example, the trademarks, copyrights, and design patents asserted in both the ITC proceeding and the instant case in the Overlapping ITC Claims are directed at YETI's Rambler® tumblers, Colster® Drink Holder, and insulated drinkware bottles with lids. *See* Ex. 2 at 71-78. The Non-Overlapping Claims are directed at alleged infringement of YETI's intellectual property relating to Rambler jugs, cups, beverage ware, and mugs; insulated beverage holders; and insulated bottles with lids. *See* Dkt. 1 at 3-19. If discovery proceeds in this case with respect to the Non-Overlapping Claims, the parties would likely have to conduct multiple depositions of the same witnesses because of their ability to speak only to the non-overlapping trademarks, patents, copyrights, products, and claims, while the Overlapping ITC Claims are stayed.

Moreover, the accused products in both cases are also similar, as the allegations are all directed at ContextLogic's alleged sale of counterfeit drinkware products, including alleged sale of counterfeit "Rambler" and "Colster" products. Ex. 2 at 44-47, 71-78; Dkt. 1 at 19-46. If this

case proceeds, ContextLogic will move to dismiss the claims asserted on the grounds, among others, that it does not sell, import, or offer to sell the accused products, and expects to seek summary determination for the same reason in the ITC proceeding. As described above, all of the accused products in both the ITC proceeding and the instant case are listed and sold by third parties, which are not owned or controlled by ContextLogic. *See* Ex. 2 at 41-47, 71-78; Dkt. 1 at 19-46.

Accordingly, this factor favors granting a discretionary stay with respect to the Non-Overlapping Claims.

3.      A Stay Of The Non-Overlapping Claims Will Simplify The Case

A stay of the Non-Overlapping Claims will simplify the case and preserve the resources of both the parties and the Court. Courts find this factor weighs in favor of a stay where there is substantial overlap in the issues between the parallel cases, especially in cases involving patents and trademarks. *See, e.g., Wolf Designs, Inc.* v. *Donald McEvoy Ltd., Inc.,* 341 F. Supp. 2d 639, 643 (N.D. Tex. 2004) ("Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable. In such cases, the interest of justice may dictate [a stay] to prevent an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues."); *Pathway Innovations & Techs., Inc.* v. *Adesso, Inc.,* No. 15-CV-1538 JLS (JLB), 2016 WL 4595532, at *3 (S.D. Cal. Apr. 5, 2016) (granting stay pending ITC investigation where the "stay would spare this Court from having to engage in duplicative proceedings regarding the same asserted patents in this case."); *Arris Enterprises LLC,* 2017 WL 3283937, at *4 (finding this factor weighed strongly in favor of granting a stay where "the ITC Action and this case still share many similarities and involve the same accused products").

Here, the ITC proceeding and the instant case share many similarities and involve the same accused products, as well as the same websites. The cases involve the "complex and technical area of patent and trademark law," and it is in the interest of all parties and the Court to avoid wasteful and useless duplication of the time and effort of the federal courts by the simultaneous litigation of two complex and elaborate cases involving substantially the same factual issues, claims, and defenses as described above. Thus, this factor weighs in favor of a stay.

## III.    CONCLUSION

Because 28 U.S.C. § 1659(a) requires a stay of the Overlapping ITC Claims, and because all three relevant factors weigh in favor of a discretionary stay of the Non-Overlapping Claims, ContextLogic respectfully requests that the Court stay this case in full until a final determination has been reached in ITC Investigation No. 337-TA-1084.

Dated: December 15, 2017                    Respectfully submitted,
                                            */s/ Jon B. Hyland*_____
                                            Barnes & Thornburg LLP

                                            Jon B. Hyland
                                            jon.hyland@btlaw.com
                                            2100 McKinney Avenue, Suite 1250
                                            Dallas, Texas 75201
                                            Telephone: (214) 258-4123

                                            *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Jon B. Hyland_____
Jon B. Hyland

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for Defendant ContextLogic communicated with counsel for Plaintiff regarding the instant motion to stay on December 11, 2017. Counsel for Plaintiff informed counsel for ContextLogic that Plaintiff would not oppose the present motion.

/s/ Jon B. Hyland_____
Jon B. Hyland

DMS 11269541v1